UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Isaac Murray**, | ) C/A No. 3:05-1560-MJP-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| US Attorney Strom Thurmond, Jr.; <br> Garner Attorney Charlie Condon; <br> US Justice Dept.; <br> Judge LNU, Richland County Probate; <br> SC Legislative Dept; <br> Lawyer Klighaman; <br> All Departments of the Constitution; <br> State Government; <br> Federal Government; <br> US Government; <br> All World Government Does; <br> Johnnie Mae Benjamin; <br> Freddie Jamison; <br> Those that be in TB Camps; <br> Craft Farrow; <br> State Hospital; <br> Bryan Psychiatric Hospital; <br> Morris Villages; <br> James L.; <br> All Businesses; <br> All Corporations; <br> All Companies; and <br> All Private Entities, <br> Defendants. | ) |

The plaintiff, Isaac Murray (Plaintiff), representing himself, has filed this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff also filed a motion to proceed *in forma pauperis*. The complaint lists many defendants, but fails to state a cognizable claim against any of the defendants. The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

complaint fails to state a claim on which relief may be granted and is frivolous, therefore it should be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

## *In Forma Pauperis* and *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

2

pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff is a patient in a psychiatric hospital and files the above-captioned case along with two other companion cases. *See* C/A No. 3:05-1544-MJP-JRM and 3:05-1571-MJP-JRM. Plaintiff also has four cases pending that basically relate to the plaintiff's involuntary commitment to the psychiatric hospital. *See* C/A No. 3:05-341-MJP; C/A No. 3:05-1359-MJP; C/A No. 3:05-1444-MJP; and C/A No. 3:05-1450-MJP. Three of the four prior cases have been recommended for dismissal based on Plaintiff's failure to state a claim upon which relief could be granted. Plaintiff's case herein presents the same flaw.

The complaint is a narrative of random thoughts. First Plaintiff states he condemned the lottery, but was ignored. Then he states his cases "before the US Justice Dept." were denied. Complaint at 4. Next he states that legislative bodies are "overstaffing" and "overpaying." Id. Then a lawyer and insurance company are accused of "cutting me [Plaintiff] out of an accident suit." Id. Next, two individuals, Johnnie Mae Benjamin and Freddie Jamison, are named as defendants for "treating me [Plaintiff] and my wife like we are stupid people" and for towing Plaintiff's car. Id. Plaintiff requests as relief "to be given as speedy a trial as possible against the Richland County Probate Court for my sake and for the benefit of all mankind." Complaint at 5. Plaintiff refers to the complaint as an "indictment" and then

3

instructs "in dealing with these Bills all you are to do is to tell each one as to what I have written + let them read in between the lines, just like they do with there [sic] documents." Id. Plaintiff concludes, "[s]ee to it that I am taken of [sic] all med until proven guilty."[2] Id.

## Discussion

Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must allege a factual basis to state a claim, not simply make conclusory statements. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995)("pro se litigants must do more than make mere conclusory statements regarding constitutional claims.); *see also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").  A plaintiff proceeding under 28 U.S.C. § 1915, "must meet certain minimum standards of rationality and specificity." Adams v. Rice, 40 F.3d at 74.  Plaintiff's complaint fails to state with specificity factual allegations against the individual defendants.  In fact, the complaint contains no factual allegations that could be construed to state a cause of action against any of the named defendants.

The Fourth Circuit states the "test for frivolousness" is a finding that "'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the

---

[2] In as much as this one statement could be construed to claim that Plaintiff is being forced to take medication against his will, he might state a claim that would entitle him to relief, but such a claim should be dismissed in this case.  The issue of forced medication is pending in C/A No. 3:05-1444-MJP-JRM, making any claim here duplicative.  Additionally, Plaintiff makes no allegations related to involuntary medication specific to any of the defendants named in this action. *See* United States v. Charters, 863 F.2d 302 (4th Cir. 1988)(Involuntarily committed person retains constitutionally protected interest against being medicated involuntarily).

4

plaintiff's claim that he would not be entitled to relief." Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir. 1979), quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Construing Plaintiff's complaint liberally does not change the fact that no claim has been stated against the named defendants. The law and the facts cannot be construed in such a way that would state a claim which entitles Plaintiff to relief. The case is frivolous and fails to state a claim, so it should be dismissed pursuant to § 1915(e)(2)(B)(i) and (ii).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915 [district courts should review *in forma pauperis* cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 24, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**